**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHADOW PARSLEY,**

**Plaintiff,**

**v.**

**WARDEN OF SOUTHERN OHIO CORRECTIONAL FACILITY, et al.,**

**Defendants.**

**Case No. 1:25-cv-208**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Gentry**

# ORDER

This order addresses the two Report and Recommendations (R&Rs) pending in this matter. In the first R&R (Doc. 16), Magistrate Judge Gentry screened Plaintiff Shadow Parsley's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2). There, she recommended the Court permit Parsley's Eighth Amendment deliberate indifference claim to proceed but dismiss all the others. (Doc. 16, #66). To move the case forward, the Magistrate Judge also ordered Parsley to provide the documents necessary to serve Defendants. (*Id.*). He never did so. So, on June 24, 2026, Magistrate Judge Gentry issued a second R&R, recommending the Court dismiss the case for failure to prosecute. (Doc. 17). For the reasons briefly discussed below, and especially given the lack of any objections to either R&R, the Court **ADOPTS** the second R&R (Doc. 17), and thereby **DISMISSES** the complaint. Then, consistent with that, the Court **DISMISSES** the earlier R&R (Doc. 16) as **MOOT**.

Parsley is incarcerated in the Lucasville Southern Ohio Correctional Facility. (Doc. 1, #1). Based on several grievances about the conditions there, he sued four

individuals associated with the prison. (Doc. 16, #60). Parsley alleges he suffered various harms, such as inadequate clothing and supplies, damage to his property, and denial of mental health services. (*Id.* at #60–61). Because Parsley proceeds in forma pauperis, a Magistrate Judge screened the allegations under 28 U.S.C. §§ 1915A and 1915(e)(2) and issued an R&R (Doc. 16). Therein, Magistrate Judge Gentry ordered that Parsley could proceed with his Eighth Amendment claim based on his alleged denial of mental health services, but recommended this Court dismiss all other claims. (*Id.*). And observing that Parsley had not yet provided the required service documents, she further ordered him to provide a completed summons form, a completed U.S. Marshal form, and a service copy of the complaint for one of the defendants within thirty days. (*Id.* at #66).

But Parsley did not provide the documents. So, two months later, Magistrate Judge Gentry issued a second R&R (Doc. 17). There she recommends dismissing all claims without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.* at #69). The Magistrate Judge noted that she had ordered Parsley to provide the requisite service documents on four separate occasions and that he had declined to do so. (*Id.* at #68 (citing Docs. 6, 8, 15, 16)). Magistrate Judge Gentry further recommended that the Court certify that an appeal of any order adopting the R&R would not be taken in good faith and on that basis deny Parsley leave to appeal in forma pauperis. (*Id.* at #69–70).

She also advised Parsley that failing to object within fourteen days could result in a forfeiture of his rights on appeal. (*Id.* at #70 (citing *United States v. Walters*, 638

F.2d 947, 949–50 (6th Cir. 1981))); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that, when ruling on a magistrate's recommendation, a "judge of the court shall make a de novo determination" only as to "those portions of the report or specified proposed findings or recommendations to which objection is made"). But even absent a timely objection, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

As the second R&R correctly observes, Rule 41(b) "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or comply with a court order." (Doc. 17, #69 (quoting *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008))). Moreover, district courts may sua sponte dismiss civil actions for want of prosecution as part of their inherent power to manage their docket. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Parsley has failed to serve Defendants, despite repeated warnings. While "this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). Parsley has exhibited just such a "clear pattern" by failing to serve Defendants or to respond to multiple court orders. Indeed, an

additional two months have passed since the most recent R&R, yet Parsley remains silent.

Accordingly, the Court **ADOPTS** the R&R (Doc. 17) in full and **DISMISSES** the complaint **WITHOUT PREJUDICE** for failure to prosecute, under Fed. R. Civ. P. 41(b). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket. Further, the Court **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** Parsley leave to appeal in forma pauperis. Finally, as this matter is now closed, the Court **DISMISSES** the previous R&R (Doc. 16) as **MOOT**.

**SO ORDERED.**

September 3, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**